IN THE UNITED STATES DISTRICT
COURT OF THE SOUTHERN DISTRICT
OF FLORIDA

LORRIANE HORTON, Individually
And as Personal Representative of
the Estate of Justin Marshall Horton and
on behalf of Lorriane Horton as survivor
and Thomas Horton as survivor

CASE NO.: 03-80291-CIV-PAINE

    Plaintiff,

v.

ABBOTT LABORATORIES INC.,
PURDUE PHARMA LP, PURDUE PHARMA
INC. PURDUE FREDERICK COMPANY, and
ANTHONY ROGERS, M.D.,

    Defendants.
_____/



FILED by _____ D.C.
AUG 18 2003
CLERK U.S. DIST. CT.
S.D. OF FLA. - W.P.B.

## SECOND AMENDED COMPLAINT

Plaintiff, Lorraine Horton, Individually and as Personal Representative of the Estate of Justin Marshall Horton and on behalf of Justin Horton's survivors, Lorraine Horton and Thomas Horton, by and through the undersigned counsel, hereby files this Amended Complaint against Defendants, Abbott Laboratories, Inc. ("Abbott"), Purdue Pharma LP, Purdue Pharma, Inc., Purdue Frederick Company (collectively "Purdue") and Anthony Rogers, M.D. ("Dr. Rogers") (collectively referred to as "Defendants"), stating as follows:

### GENERAL ALLEGATIONS

1. This is an action for damages in excess of $15,000, exclusive of interest costs and attorneys' fees.

EXHIBIT "A"

2. The acts giving rise to this cause of action took place in Palm Beach County, Florida.

3. Lorraine Horton is the Personal Representative for the Estate of Justin Marshall Horton who died on April 15, 2001. Lorraine. Horton is authorized, pursuant to Section 768.2 of the Florida Statutes, to bring this wrongful death action against Defendants on behalf of Decedent's survivors and on behalf of Decedent's estate.

4. Decedent is survived by his mother, Lorraine Horton ("Ms. Horton") and his adopted father Thomas Horton ("Mr. Horton") who are the sole potential beneficiaries of a recovery in this wrongful death action.

5. Purdue Pharma LP, Purdue Pharma, Inc. and the Purdue Frederick Company (collectively "Purdue") are related entities that market and distribute drugs including Oxycontin .

6. Abbott and Purdue negligently designed and marketed Oxycontin such that it was unreasonably dangerous to the user and people in the vicinity of the user. The product reached the Decedent without any change from its original condition when it left the manufacturer.

7. Ms. Horton was individually prescribed Oxytcontin prior to the institution of this lawsuit. Oxycontin was explained to her by Dr. Rogers as a pancea. Basically, Oxycontin was explained as a non-addicting, non-habit forming, mild pain relieving drug that would allieve the physical pain Ms. Horton was suffering as a result of her injuries. Dr. Rogers was relaying information regarding Oxycontin that was provided to him by Abbott and Pharma.

8. Abbott and Purdue manufactured, promoted and marketed Oxycontin for the management of pain by making misrepresentations and omissions regarding the appropriate uses, risks, and safety of Oxycontin. Accordingly, patients including Ms. Horton were not provided with accurate information about the appropriate uses and risks of the drug. Ms. Horton and

others were unable to evaluate the risks and benefits of Oxycontin and patients including Ms. Horton have been and were unnecessarily exposed to the risk of severe and disabling addiction, actual addiction, the consequences of addiction and other adverse medical conditions.

9. Dr. Rogers is a citizen and resident of Palm Beach County, Florida. Ms. Horton is a citizen and resident of Palm Beach County, Florida.

10. As a licensed medical practitioner in Palm Beach County, Dr. Rogers is required to provide care and treatment to the standard of care in the community where he is located.

11. Prior to the institution of this action, Dr. Rogers failed to meet the standard of care and negligently prescribed medications commonly known as Oxycontin to Ms. Horton.

12. All conditions precedent to this action have occurred, been performed, or been waived.

## COUNT I
## NEGLIGENCE

13. Plaintiff realleges paragraphs 1-12.

14. As a direct and proximate result of Abbott's and Purdue's negligence, Decedent died.

15. As a direct and proximate result of Abbott's and Purdue's negligence, substantial medical expenses were incurred for Decedent.

16. As a direct and proximate result of Abbott's and Purdue's negligence, substantial and reasonable expenses were incurred for Decedent's funeral, burial and Decedent's estate has lost the earnings of the Decedent and accumulations that would have occurred but for the negligence of Abbott and Purdue.

17. As a direct and proximate result of Abbott's and Purdue's negligence, Decedent's survivor, Ms. Horton sustained extreme mental pain and suffering as a result of the injury and

death of Decedent and has lost the continued support, services, companionship and affection of the Decedent.

18. As a direct and proximate result of Abbott's and Purdue's negligence, Decedent's survivor, Mr. Horton sustained extreme mental pain and suffering as a result of the injury and death of Decedent and has lost the continued support, services, companionship and affection of the Decedent.

19. Abbott and Purdue improperly labeled the product such that the product, Oxycontin, could not be distinguished from other less harmful drugs.

20. As a direct and proximate result of Abbott's and Purdue's negligence, Ms. Horton suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expensive hospitalization, medical and nursing care and treatment, loss of earnings, loss of the ability to earn money, and aggravation of a pre-existing condition. The losses are either permanent or continuing and the Plaintiff will suffer the losses in the future.

WHEREFORE, Plaintiffs request a judgment against Abbott and Purdue for damages, together with the cost of suit, interest on the liquidated damages, and such other and further relief as the Court deems just and proper.

## **BREACH OF WARRANTY**

21. Plaintiff realleges paragraphs 1 through 12.

22. Abbott and Purdue manufactured a product known and described as Oxycontin.

23. As a result of the use of the product, Ms. Horton became addicted to the product. Ms. Horton continued to purchase the product for an extended period of time. The product was being

used for its intended purpose, which caused injuries to Plaintiff who was then a user of the product.

24. As a result of Defendants negligence, Ms. Horton suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expensive hospitalization, medical and nursing care and treatment, loss of earnings, loss of the ability to earn money, and aggravation of a pre-existing condition. The losses are either permanent or continuing and the Plaintiff will suffer the losses in the future.

WHEREFORE, Plaintiffs requests this Court enter a judgment against Abbot and Purdue awarding damages, costs, interest, and such other and further relief as the Court deems just and proper.

## MEDICAL MALPRACTICE AGAINST DR. ROGERS

25. Ms. Horton, individually, realleges paragraphs 1 through 12.

26. Dr. Rogers was negligent in the treatment of Ms. Horton in that Dr. Rogers failed to exercise or possess that degree of skill, care and learning ordinarily exercised or possessed by the average qualified physician taking into account the existing state of knowledge and practice in medicine in the same or similar medical community. Dr. Rogers was negligent in the following particulars:

    A.    Dr. Rogers failed to accurately advise Ms. Horton as to the nature and side effects of Oxycontin/Oxycodone such that she could provide informed consent.

    B.    Dr. Rogers failed to prescribe a reasonable and appropriate amount of medication.

27. As a result, Ms. Horton suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expensive hospitalization, medical and nursing care and treatment, loss of earnings, loss of the ability to earn money, and aggravation of a pre-existing condition. The losses are either permanent or continuing and Ms. Horton will suffer the losses in the future.

WHEREFORE, Ms. Horton requests that the Court enter judgment against Dr. Rogers, awarding damages, interest and costs and such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiffs demands trial by jury on all issues so triable.

Dated this _____ day of June, 2003.

               WRIGHT, PONSOLDT & LOZEAU
               TRIAL ATTORNEYS, L.L.P.
               1000 S.E. Monterey Commons Blvd.
               Suite 208
               Stuart, Florida 34996
               (772) 286-5566 Telephone
               (772) 286-9102 Facsimile


               _____
               WILLIAM R. PONSOLDT, JR.
               Fla. Bar No.: 970352

F:\Bill\A-M\Horton\v. Abbott\Pleadings\Second Amd Comp.0627.doc